# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LUCIUS T. SOLOMON, III | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:10-CR-376-RWS-CCH |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-4463-RWS-CCH |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Lucius T. Solomon, III has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentences, which were imposed on December 16, 2010, following a guilty plea entered in the Northern District of Georgia.

I.  Procedural History

On March 23, 2010, a grand jury in the Northern District of Georgia returned an eight-count indictment against Movant, which charged him with four counts of attempting to possess and aiding and abetting the possession of at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and two counts of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). *See United States v. Solomon*, Criminal

Action No. 1:10-CR-133-RWS, at Docket No. 1. On September 2, 2010, Movant entered into a negotiated guilty plea to a criminal information charging him with one count of extortion in violation of 18 U.S.C. § 1951(a) and one count of knowingly attempting to aid and abet the possession of at least five kilograms of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 2, 841(a)(1), (b)(1)(A), and 846. (Doc. 1, 3). In exchange for the negotiated plea, the Government dismissed the March 23, 2010, grand jury indictment. (Doc. 5, at 5; Doc. 12). The plea agreement contains the following waiver of Movant's appellate and collateral rights ("appellate waiver"):

> [Movant] also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, [Movant] may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.
>
> * * *
>
> **<u>Limited Waiver of Appeal</u>**
>
> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by law, [Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal

2

> of an upward departure or an upward variance from the sentencing guideline range as calculated by the district court. [Movant] understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, [Movant] may file a cross-appeal of that same sentence.

(Doc. 3, Att. 1, at 2, 14).

On December 16, 2010, Movant was sentenced to a total term of imprisonment of 144 months to be followed by three-year and five-year concurrent terms of supervised release. (Doc. 14). Movant did not appeal his convictions and sentences.

Movant filed the instant § 2255 motion on December 16, 2011. (Doc. 20).[1] In the motion, Movant raises the following claims: (1) ineffective assistance of counsel for failing to investigate a defense of entrapment; (2) ineffective assistance of counsel for failing to provide the court with positive information in Movant's background at sentencing, and (3) his plea was involuntarily and unknowingly entered because of the failure by counsel to investigate an entrapment defense. (Doc. 20). As to all claims, Movant requests that this Court vacate his sentence.

---

[1] Although the motion to vacate was filed with the Clerk of Court on December 21, 2011, under the mailbox rule, it is deemed to be filed on December 16, 2011, the date that Movant signed the § 2255 motion. *See Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

3

## II. Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

4

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is entitled to no relief in connection with any of his claims. Thus, no evidentiary hearing is required.

III. <u>Analysis</u>

The Government contends that: (1) counsel was not ineffective for failing to investigate an entrapment defense; (2) Movant voluntarily and knowingly entered into his guilty plea, and (3) Movant's claim for ineffective assistance of counsel at sentencing is barred by the appellate waiver. The undersigned agrees.

Here, the appellate waiver in Movant's plea agreement precludes both direct and collateral review of both his sentences and convictions. An appellate waiver, however, does not bar claims for ineffective assistance of counsel relating to the plea agreement or the waiver, or claims challenging the voluntariness of the plea. *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007); *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005). Thus, the undersigned must review Movant's claim that his plea was involuntary because counsel failed to

5

investigate an entrapment defense, and a general claim that Movant's plea was not entered into knowingly and voluntarily.[2]

  A. Movant's Plea Was Knowing and Voluntary.

    1. Counsel was not Ineffective for Failing to Investigate an Entrapment Defense.

Movant claims that his plea was involuntarily entered because of counsel's failure to research and advise him about an entrapment defense. The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)). To establish

---

[2] Although enumerated separately, these claims appear to be one and the same – i.e., because counsel was ineffective for failing to investigate an entrapment defense, Movant's plea was not entered into knowingly or voluntarily. As Movant listed them separately, however, in addition to addressing the entrapment claim, the undersigned also will discuss in general terms Movant's claim that his plea was not entered into knowingly or voluntarily.

6

prejudice in the context of a guilty plea, Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors," he would not have entered a guilty plea and would have insisted on going to trial. *Strickland*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 762 (11th Cir. 2010).

The affirmative defense of entrapment is comprised of two elements: (1) government inducement of the crime, and (2) the defendant's lack of predisposition to commit the crime before the inducement. *United States v. Brown*, No. 11-14560, 2012 WL 953091, at *2 (11th Cir. Mar. 22, 2012). With regard to the first element, the defendant bears the initial burden of producing evidence that the government's conduct created a substantial risk that the offense would be committed by someone other than one ready to commit it. *United States v. Grajales*, 450 F. App'x 893, 898 (11th Cir. 2012). The defendant may make such a showing by demonstrating that: (1) he had not favorably received the government plan, and the government had to "push it" on him, or (2) several attempts at setting up an illicit deal failed and on at least one occasion he had directly refused to participate. *Id.* (Citations omitted).

7

If the defendant meets his burden as to government inducement, the burden then shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *United States v. Sistrunk*, 622 F.3d 1328, 1333 (11th Cir. 2010). Predisposition is a fact-intensive inquiry, which considers the defendant's readiness and willingness to engage in the charged crime absent any contact with the government agents. *United States v. Rudkin*, 427 F. App'x 824, 826 (11th Cir. 2011). "Predisposition may be demonstrated by 'the defendant's ready commission of the charged crime [or] evidence that the defendant was given an opportunity to back out of the illegal transaction but failed to do so.'" *Id.* (Citations omitted).

During the plea hearing, Movant admitted that while he was a police officer with the Atlanta Police Department, he accepted money on at least four different occasions to protect persons he thought were drug dealers while they picked up five kilograms of cocaine. (Doc. 7, at 17-21). The facts in the record to which Movant admitted guilt demonstrate that the undercover agents merely presented Movant with the opportunity to protect their purported drug deals – and that Movant was willing and ready to participate in those transactions on four separate occasions. As such, Movant has not met his burden of demonstrating the first

8

element of an entrapment defense – that he was induced to commit the crime by government agents. *See*, *e.g.*, *United States v. Orisnord*, 483 F.3d 1169, 1178 (11th Cir. 2007) (finding the district court did not err in rejecting entrapment defense where there was no evidence that the confidential informant or agent did anything to induce the defendants' participation in the robbery plan – nothing in the record demonstrated that either had to "push" the robbery scheme on the defendants, that multiple attempts at setting up the robbery had failed, or that any of the defendants had clearly refused to participate).

Additionally, the reason the undercover agents approached Movant is because they previously had observed Movant engaging in the same illicit activity on several other occasions. (*Id.* at 17). Moreover, when the undercover agents first approached Movant to protect them during their drug deals, Movant volunteered a price that he would accept for his protection, and negotiated down his fee when the agents did not want to pay that price. (*Id.* at 18). Finally, when he was contacted by an undercover agent prior to each deal, on all four occasions Movant immediately agreed to participate. (*Id.* at 17-21). Movant, therefore, also has failed to demonstrate he was not predisposed to engage in such criminal activity. *See*, *e.g.*, *United States v. Scrivens*, 322 F. App'x 865, 869-70 (11th Cir.

9

2009) (affirming jury's rejection of entrapment defense where, *inter alia*, defendant at no time expressed a desire not to participate or demonstrated hesitancy to commit the crime); *United States v. Martin*, 159 F. App'x 889, 893-94 (11th Cir. 2005) (finding sufficient evidence of predisposition where government witness testimony established that the defendant showed no hesitancy in participating in several drug transactions).

Because the facts do not support an entrapment defense, Movant cannot demonstrate that he was prejudiced by any failure by counsel to investigate such a defense – i.e., that there is a reasonable probability that, but for counsel's failure to investigate an entrapment defense, Movant would not have pleaded guilty and would have insisted in going to trial. As such, Movant's claim for ineffective assistance of counsel, and that his plea was involuntary as a result, must fail. *See United States v. Spencer*, 315 F. App'x 674, 676 (10th Cir. 2009) (holding that the movant's claim for ineffective assistance of counsel because counsel did not pursue an entrapment defense failed because the movant could not demonstrate prejudice since the facts did not support entrapment); *Pruske v. Scott*, No. 95-50261, 1995 WL 725626, at *3 (5th Cir. Nov. 6, 1995) (rejecting claim that counsel was ineffective for failing to request an instruction on entrapment because

10

"[c]ounsel was not ineffective for failing to pursue a meritless defense."). *See also Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit.").

### 2. The Record Demonstrates that Movant's Plea Was Voluntary.

Movant's allegations that he did not enter into his plea knowingly and voluntarily also are in direct conflict with his sworn testimony during the plea hearing. There is a strong presumption that statements made during the plea colloquy are true. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); *accord, United States v. Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008)*; Patel*, 252 F. App'x at 974. Where a Movant's claim of ineffective assistance of counsel is in direct conflict with his statements under oath, he has a strong burden to show that his statements under oath were false. *Patel*, 252 F. App'x at 974-75. Movant, however, has not met this burden.

During the plea hearing, Movant swore to the Court that: he had a chance to review the plea agreement with his attorney; he understood the terms of the plea

11

agreement; no one promised him anything to get him to plead guilty other than what was in the plea agreement; no one threatened or forced him to plead guilty or told him that if he did not plead guilty additional charges would be brought against him or other adverse action would be taken against him; he had sufficient opportunity to talk about his case with his attorney and have his attorney advise him before entering his plea; and he was satisfied with his attorney's representation and advice. (Doc. 7 at 3, 14-15, 24-25).

The record also is clear that Movant entered into the appellate waiver knowingly and voluntarily. Indeed, the Court specifically questioned Movant about giving up his appellate and collateral rights and Movant swore that he understood:

> THE COURT: [Movant], I want to talk with you just a moment about your appeal rights and your right to challenge your conviction and sentence. A defendant in a criminal case typically has certain rights to have the decisions that are made here reviewed by other judges or courts. First, you have a right to file a direct appeal immediately after your conviction so that the Court of Appeals can review your case to determine if the decisions made were correct under the law and under the facts that were before the Court.
>
> You also have an opportunity at a later time to challenge your conviction and sentence. It's referred to in your plea agreement as a collateral challenge. You may have heard it referred to as a petition for writ of habeas corpus. Technically, it's a Section 2255 motion.

> But call it what you will, it's an opportunity, another opportunity you have to have your case reviewed to determine if everything was proper in the way that the case was handled.
>
> Those are rights that every defendant in a criminal case has unless he gives those rights up. You have given up those rights except for very limited circumstances. The only opportunity you will have to have my decisions in your case reviewed would be, first, if I calculate your guidelines and after I decide what the guidelines are, I decide to impose a sentence that's greater than what the guidelines would have called for, you've got a right to appeal. Second, if the Government for any reason files an appeal, you would have a right to also raise issues on appeal. Aside from those two circumstances, you will not have any opportunity to have the decisions in your case reviewed by any other court or judge. Do you understand that?
>
> [MOVANT]: Yes, Your Honor.

(Doc. 7, at 23-24). The Court also verified with Movant's counsel that Movant understood the waiver:

> THE COURT: And Mr. Parker, have y'all talked about that and do you believe your client understands his waiver?
>
> MR. PARKER: We have talked about it, and I do believe that [Movant] understands his waiver of these rights.

(*Id.* at 24).

Consequently, the undersigned finds that Movant knowingly and voluntarily entered into a guilty plea, and the appellate waiver contained in the plea agreement

13

is therefore valid and enforceable. *See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *United States v. Bushert*, 997 F2d 1343, 1350-51 (11th Cir. 1993) ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [Movant] that he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if the Government shows that either: "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver.").

14

B.  <u>Movant's Ineffective Assistance of Counsel Claim at Sentencing is Barred By the Waiver.</u>

Finally, Movant cannot raise his claim that counsel was ineffective for failing to provide mitigating evidence at sentencing in the instant § 2255 motion. Inasmuch as Movant voluntarily, intelligently, and knowingly entered into the guilty plea and the appellate waiver, such waiver precludes the undersigned from addressing this remaining claim. Indeed, this claim does not concern matters that have any bearing on the validity of the plea agreement or appellate waiver; instead, it alleges ineffective assistance of counsel at sentencing. As such, it is precluded by Movant's waiver to seek collateral relief. *See United States v. Riolo*, 398 F. App'x 568, 570-71 (11th Cir. 2010) ("[T]he waiver would prevent [the movant] from raising a claim of ineffective assistance of counsel at sentencing[.] . . ."); *Patel*, 252 F. App'x at 974 ("We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing."); *Williams*, 396 F.3d at 1342 (holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the movant from attempting to attack the sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing); *Vaca-Ortiz v. United*

15

*States*, 320 F.Supp.2d 1362, 1365-66 (N.D. Ga. 2004) (O'Kelley, J.) (holding a waiver of the right to appeal or mount a collateral attack can serve to bar a subsequent claim of ineffective assistance of counsel during sentencing). Accordingly, this Court cannot review this claim.

IV.  Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Lucius T. Solomon, III's motion to vacate sentence [Doc. 20] be **DENIED**.

V.  Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically

16

issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion of Movant's claims, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant voluntarily entered a guilty plea and waived his appellate and collateral rights, and that his ineffective assistance of counsel at sentencing claim is barred by the waiver. *See Slack*, 529 U.S. at 484.

17

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 2nd day of May, 2012.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)